Good morning. Okay, just give me one second. So, Mr. Byrne, is it? Byrne, Josh. Byrne, oh, I'm sorry. That's quite all right. Mr. Byrne. So, Mr. Byrne, you've got five minutes, and you've got Don S. Byrne to rebuttal, so we'll start. We'll start with you. You may proceed. Thank you. May it please the court, Mark Byrne for the appellant defendant, Roman Dunnigan. This is with regards to a motion for his release pursuant to 18 United States Code. Excuse me, I'm going to interrupt for a second. Could you adjust the microphone so they're picking up your voice a little bit, please? Any better? Yes. Thank you. This is a motion for Mr. Dunnigan's release pursuant to 18 United States Code 3143B. Just for clarity with regards to my submission, the citations as contained therein were pertaining to Mr. Dunnigan's pretrial release, and obviously the court is familiar with his attorney at the time's subsequent motion for his release pursuant to 3143A. That was while he was pending sentencing. Not much has changed with regards to his risk of flight, or alternatively his danger to the community. I know the government is going to emphasize what transpired in trial with regards to Mr. Dunnigan testifying on his own behalf. Him acknowledging that he's engaged in drug dealing, but obviously the jury didn't believe that or else we wouldn't be here today. You agree that it's 3143B? That's correct. Is he even eligible for release pending appeal pursuant to the terms of that section? Well, Judge, that's one of the points of emphasis in my direct appeal with regards to his enhancements getting above that ten year threshold. The penalty with regards to drug conspiracies is a five year mandatory minimum. The judge obviously exceeded that. But that's one of the points that I am addressing in the direct appeal with regards to certain enhancements that the court found. Do you have an argument date yet? It's been fully briefed. We have not yet, Judge. I'm sorry, I'm having trouble following. 3143B says the judicial order shall order that the person be detained unless, and then you had the burden of proof of showing not likely to flee and pose a danger and so on and substantial question. And so you gave us basically your merits appeal. So what's the substantial question that is so significant that we should find that we should focus more on likelihood of flight or danger? Because there's a presumption the person's going to be detained having been convicted, right? That is absolutely correct. I would point out that he was incarcerated at the onset of this matter, roughly from 2019. He was on pretrial release. He was under home incarceration for approximately a year prior to trial. There was no violations with regards- But now he's been convicted. I understand, Judge. And obviously, this isn't the correct form with regards to addressing the underlying issues that I presented in the direct appeal. But I just wanted to at least let the court know the points of emphasis with regards to what I'm addressing in the appeal. But with regards to flight and danger to the community, Judge, I just don't believe there is a scintilla of evidence that would suggest that Mr. Dunnigan is going to flee the jurisdiction if he's complied with regards to going through the pretrial- There are a multitude. I believe one of the biggest points of emphasis with regards to the venue where the arrest occurred was in the Southern District of Texas as opposed to the Western District of New York, where the latter is which prosecuted Mr. Dunnigan. I believe there is a certain issue with regards to the venue. In addition, the underlying probable cause that how Mr. Dunnigan was approached in the Southern District of Texas and how his vehicle was subsequently searched. There has been mixed testimony with regards to the officer in Texas who testified at two different times at suppression hearings in the Western District of New York. There's also an issue with regards to the delay for trial. This case was pending for several years. So there's certainly an issue with regards to his speedy trial act and the compliance therein. And then also with regards to Rule 29, Rule 33 issues that I've mentioned in my submission. And with that, I'll yield the remainder of my time. All right. Thank you. Thank you. We'll now hear from Ms. Gregory. Good morning. May it please the court. Catherine Gregory representing the United States. This court should deny the motion for three independent reasons. First and foremost, Mr. Dunnigan is ineligible for the relief that he's seeking. Pursuant to 3143b2, a court shall order detention where the defendant has been found guilty of a Controlled Substance Act offense for which the maximum term is greater than 10 years. Here the maximum term is 40 years and Mr. Dunnigan was in fact sentenced to 22 years. Therefore, he is not eligible for release pending appeal. Second, even if he were eligible for release pending appeal, this court expressed in U.S. v. Hochevar that these motions should first be made to the district court for fact finding. Mr. Dunnigan primarily relies on the pretrial detention order, but those circumstances are greatly out of date at this point and the variables have changed quite drastically. As Your Honor noted, he has been found guilty and he has in fact been sentenced. Therefore, this motion should have been directed, should be directed towards the district court. Third and finally, even if he were eligible for release pending appeal and even if this court looked past that requirement for the district court to address these motions, he's failed on the merits to prove two things. He has to show that he's unlikely to flee or pose a danger and he has to show that those substantial questions of law are fact that are likely to result in a reversal. And he hasn't done either in this case. And what's the government's position on his venue argument? That was his lead just now. Your Honor, I would incorporate by reference our brief. I'm not equipped today to get into the minutia of that. I would argue today that the court doesn't need to reach the substantial questions because it's a two-prong requirement on his part and he hasn't addressed the likelihood of flight or the dangerousness to the community at all, especially in the intervening years since the pretrial detention order. So it's his burden to show that he is not a risk of flight. It's his burden to show that he is not a danger to the community and he has not addressed, as his counsel noted today, the fact that at trial he admitted to being a drug dealer, which is quite dangerous to the community, or the fact that he's facing is currently incarcerated for 22 years of imprisonment. So those circumstances have changed quite a bit even since his sentencing and therefore for all of these reasons we ask that the court deny the motion for release pending appeal. All right. Thank you, Ms. Gregory. Thank you both. We will reserve decision.